# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| MARVIN RAY WILTON, JR. | CIVIL ACTION NO. 05-664LC |
| VS. | SECTION P |
| STATE OF LOUISIANA, ET AL | JUDGE TRIMBLE |
| | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is *pro se* plaintiff Marvin Wilton's civil rights suit (42 U.S.C. § 1983) filed on April 13, 2005. Wilton is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana, where he is serving a life sentence for aggravated rape imposed following his December 8, 1994, trial in the Fourteenth Judicial District Court of Louisiana for Calcasieu Parish. Plaintiff names the following as defendants herein: the State of Louisiana; Calcasieu Parish Jury Commissioners; the City of Lake Charles; Judge Arthur J. Planchard; former Attorney General Richard Iyeoub; Attorney General Charles Foti; attorney David J. William, the Judges of the Louisiana Third Circuit; clerk Dora McCain; and, Sheriff Tommy Mitchell.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

In the instant case, plaintiff contends that he was denied due process and the equal

protection of the law in violation of the Fourteenth Amendment to the United States Constitution as the indictment against him was obtained through a illegally constituted grand jury through the unconstitutional systematic racial discrimination in the selection of the Grand Jury foreperson. Specifically, plaintiff is an African-American male, and the foreperson from the grand jury that indicted him was a white male. Based on this scenario, plaintiff claims that Louisiana's Code of Criminal Procedure Article 413(B) as formerly written (both prior to and at the time of plaintiff's indictment) was susceptible to abuse and was not racially neutral. Therefore, plaintiff contends that the grand jury indictment is unconstitutional, null and void.

Plaintiff also claims that he received ineffective assistance of counsel as his attorney, David J. William, failed to file the requisite Motion to Quash the grand jury indictment on the grounds that the grand jury foreperson was not selected randomly. Plaintiff further alleges that he was the victim of "attempts of aggravated sexual abuse, and attempts to kill, and/or many threats to commit bodily injury to his person from officer's and prisoner's who also conspire to prevent these filings." [Doc. 1, p. 13].

As a result of the constitutional violations alleged above, plaintiff seeks the following: compensation for the alleged injuries suffered in the attempts to commit aggravated sexual abuse by other prisoners, lost wages, cost of living increases, and, mental anguish; $5000.00 per day if the defendants attempt to re-indict plaintiff; discharge from these proceedings with the. . . parties restoring plaintiff . . . to where he may have been if it were not for the intentional discrimination; and, for the court to set aside the indictment and the panel of petit jurors selected to try him.

**LAW AND ANALYSIS**

At the onset, this court is called upon to determine whether to treat plaintiff's pleading as

a petition for *habeas corpus* or, as plaintiff advances, a civil rights complaint under 42 U.S.C. § 1983. "Generally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. See *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994). A *habeas* petition, on the other hand, is the proper vehicle to seek release from custody. See *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir.1989)." *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). The Fifth Circuit has adopted a simple, bright-line rule for determining how to categorize such *pro se* pleadings: If "a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release," *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir.1995) (per curiam), *cert. denied*, 516 U.S. 1059, 116 S.Ct. 736, 133 L.Ed.2d 686 (1996), the proper vehicle is a § 1983 suit.

Based upon a review of the pleadings herein, the court determines that plaintiff has attempted to allege herein both *habeas* claims and civil rights claims.

**1. *Habeas* Claims**

To the extent that plaintiff's claims are considered *habeas* in nature, the court finds that same should be dismissed. Specifically, the majority of the claims advanced by plaintiff herein are, for all purposes relevant to a *habeas* analysis, nearly identical to those brought by plaintiff pursuant to 28 U.S.C. § 2254 in *Marvin Ray Wilton, Jr. v. Warden Burl Cain*, 02-244, Western District of Louisiana, Lake Charles Division. Plaintiff's claims therein were subsequently dismissed by this court as plaintiff's claims were barred by the one-year limitation period codified at 28 U.S.C. § 2244(d). Because the prior *habeas* petition was adjudicated on the merits, the plaintiff's *habeas* claims presented herein are considered second or successive within the meaning of 28 U.S.C. §2244. *See Cooper v. Dretke* 2005 WL 1249489, *2, n.2 (N.D.Tex.

3

2005); *Anders v. Cockrell,* 2003 WL 102615, *2 (N.D.Tex.,2003) ("A dismissal on statute of limitations grounds is tantamount to a merits ruling."); *Graham v. Johnson*, 168 F.3d 762, 774 n. 7 (5th Cir. 1999); *Felker v. Turpin*, 116 S.Ct. 2333 (1996). As such, the plaintiff is required to obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals in accordance with 28 U.S.C. § 2244(b)(3).[1] The record does not show that plaintiff has received such authorization. Until such time as plaintiff obtains authorization, this court is without jurisdiction to proceed.

**2. Civil Rights Claims**

    **A.    Heck v. Humphrey**

The basis of plaintiff's civil rights claims is that his conviction was wrongful because the indictment against him was obtained through an illegally constituted grand jury through the unconstitutional systematic racial discrimination in the selection of the Grand Jury foreperson, and that his lawyer was ineffective as he failed to file the requisite Motion to Quash the grand jury indictment on the grounds that the grand jury foreperson was not selected randomly. To the extent that plaintiff brings these claims under the umbrella of a § 1983 action, his complaint is barred by the doctrine of *Heck v. Humphrey*, 114 S.Ct. 2364 (1994). Under *Heck*, a court must dismiss a complaint brought pursuant to 42 U.S.C. § 1983, when the civil rights action, if successful, would necessarily imply the invalidity of a plaintiff's conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal,

---

[1] 28 U.S.C. § 2244(b)(3) provides in part, "[b]efore a second or successive application permitted by this section [§2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

4

expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of *habeas corpus* under 28 U.S.C. § 2254. *Id.*, 512 U.S. at 486-87.

A judgment in favor of plaintiff herein on these claims would necessarily imply the invalidity of his conviction which was based upon an indictment obtained through a illegally constituted grand jury via the unconstitutional selection of the Grand Jury foreperson. Therefore, it follows that *Heck* applies to the proceedings complained of herein. Plaintiff has not suggested that his conviction has already been invalidated, reversed, expunged, set aside by a state court, or called into question by a federal court's issuance of a writ of habeas corpus. Thus, plaintiff's claims arising out of his indictment and his subsequent conviction are not cognizable under § 1983 at this time. Therefore, plaintiff's claims challenging his conviction are "legally frivolous" within the meaning of §§ 1915(e)(2) and § 1915A(b). *Hamilton v. Lyons*, 74 F.3d 99, 102-103 (5th Cir.1996)("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question."). It is therefore recommended that the court dismiss with prejudice plaintiff's civil rights claims stemming from his conviction, subject to the claims being reasserted when the *Heck* conditions are met. See, *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996)(clarifying that the dismissal of a civil rights claim under the holding of *Heck* should be "with prejudice until the *Heck* conditions are met); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir.1994); *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994)(Where a § 1983 plaintiff's claims attack the fact or duration of his confinement and such claims are dismissed under *Heck v. Humphrey*, the dismissal should be "with prejudice.")

**B.     Eighth Amendment Claims**

Plaintiff also alleges that he was the victim of "attempts of aggravated sexual abuse, and attempts to kill, and/or many threats to commit bodily injury to his person from officer's and prisoner's who also conspire to prevent these filings." To the extent that plaintiff is attempting to advance an Eighth Amendment claim, his claims should be dismissed as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

The allegations in plaintiff's complaint fail to state an Eighth Amendment violation against any of the named defendants. Plaintiff states that the alleged actions were committed by "officers and prisoners," however, plaintiff did not name any such individuals as defendants herein. Even under the most liberal interpretation of plaintiff's complaint, his claims against the named defendants cannot be construed as falling within the gamut of plaintiff's alleged Eighth Amendment violations.[2]

---

[2] As an aside and in the alternative, the court notes that plaintiff names the State of Louisiana as a defendant in this action. The Eleventh Amendment to the United States Constitution, however, bars action against a state. The Eleventh Amendment mandates that States are immune from suit for damages in federal court by citizens of the State, as well as citizens of other states, unless the state consents to suit. *Edelman v. Jordan*, 415 U.S. 651, 662-63, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974). Congress has not annulled the States Eleventh Amendment Immunity in § 1983 actions. *Quern v. Jordan*, 440 U.S. 445, 456, 96 S.Ct. 1139, 39 L.Ed.2d 358 (1979). Therefore, the only way by which plaintiff in the instant may seek monetary damages against the State, is if the State of Louisiana, by the most express language or by overwhelming implication, consents to being sued in federal court. See, *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 241, 52 L.Ed. 714 (1908); *Edelman*, 415 U.S. at 673; *Brennan v. Stewart,* 834 F. 2d 1284, 1251-53 (5th Cir. 1988). To the contrary, Louisiana has expressly refused to consent to waiving its Eleventh Amendment Immunity. *See*, La.Rev.Stat.Ann. 13:5106; *Delahoussaye v. City of New Iberia,* 937 F.2d 144, 147 (5th Cir. 1991).

Likewise, plaintiff's claims against the judges herein are also barred by immunity. Judges have absolute immunity for acts done within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). The Fifth Circuit has delineated three elements to identify acts as being judicial in nature, and thus not in the clear absence of all jurisdiction: "(1) normal judicial functions that (2) occurred in the judge's court or chambers and were (3) centered around a case pending before the judge." *Eitel v. Holland*, 787 F.2d 995, 998 (5th Cir.1986). These factors are construed liberally in favor of immunity. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir.1985). Even liberally construing plaintiff's complaint, none of plaintiff's allegations demonstrate that

Accordingly, for the above reasons,

**IT IS RECOMMENDED** that the *habeas* claims herein be **DISMISSED** for want of jurisdiction, but without prejudice to plaintiff's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

**IT IS FURTHER RECOMMENDED** that plaintiff's civil rights claims be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C.1915(e)(2).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P.**

---

any of the judges' actions would have occurred outside of chambers or the court, or that the actions did not arise out of the performance of judicial duties. Thus, according to *Eitel*, the judges' actions would be within their jurisdiction and they enjoy absolute immunity from plaintiff's claims.

Additionally, plaintiff's claims against his court appointed attorney likewise fail. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)(emphasis supplied); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). Attorneys, including public defenders, do not act under color of state law when they perform a lawyer's traditional function as defense counsel in a criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); See also, *Mills v. Criminal District Court #3*, 837 F.2d 667, 679(5th Cir. 1988) citing, *Nelson v. Stratton*, 469 F.2d 1155(5th Cir. 1972). Plaintiff's court appointed attorney did not act under color of state law when he represented plaintiff in his criminal case.

**6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 26th day of October, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE